IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| ETTA AND FRANK CHIEF, individually and on behalf of BRANDON CHIEF, TAYZHA CHIEF, ALISHA CHIEF,<br><br>    Plaintiffs,<br><br><br><br><br><br>            vs.<br><br><br><br>WEST VALLEY CITY, WEST VALLEY CITY POLICE DEPARTMENT, THAYLE NIELSEN, individually and as West Valley City Chief of Police, OFFICER LEVI LLOYD, individually and in his official capacity, OFFICER MATTHEW MADSEN, individually and in his official capacity, OFFICER TYLER HITZ, individually and in his official capacity, and JOHN DOES I–V,<br><br>    Defendants. | MEMORANDUM DECISION AND ORDER DENYING PLAINTIFFS' MOTION FOR LEAVE TO AMEND COMPLAINT AND GRANTING DEFENDANTS' MOTION TO STRIKE<br><br><br><br><br><br>Case No. 2:11-CV-643 TS |

1

This matter is before the Court on Plaintiffs' Motion for Leave to Amend Complaint[1] and Defendants' Motion to Strike.[2] For the reasons discussed below, the Court will deny Plaintiffs' Motion for Leave to Amend Complaint, construe Defendants' Motion to Strike as a Motion to Dismiss, and grant the Motion to Dismiss.

## I. BACKGROUND

This case arises from an officer-involved shooting that occurred on December 17, 2010. Twenty-one-year-old Brandon Chief ("Mr. Chief") was shot to death by a West Valley City police officer responding to a domestic assault call. Mr. Chief and his thirteen-year-old niece Tayzha got into a fight. Mr. Chief continued to fight with Tayzha and her cousin Alisha and eventually with his father Frank. Tayzha called 911 as Mr. Chief continued to fight with his father and Mr. Chief began throwing things in the kitchen and his bedroom, breaking the kitchen window and his bedroom window. At one point during the melee, Mr. Chief retrieved a knife from a kitchen drawer.

Officers arrived and entered the home. Within ninety seconds of the officers' arrival, Mr. Chief was shot by Officer Levi Lloyd. Mr. Chief was shot in the hallway of his parents' home after being told by officers to drop the kitchen knife that he was carrying. Plaintiffs brought this lawsuit on July 11, 2011, and four days later filed an Amended Complaint. Plaintiffs' original counsel died in a car accident in December 2012. Current counsel appeared in March 2013.

[1]Docket No. 147.

[2]Docket No. 150.

The dispositive motion cut off date was July 1, 2013, and a five day jury trial is currently set to begin in January 2014. Plaintiffs now move to file a Second Amended Complaint in order to conform the Complaint to the evidence, add factual and legal clarity, and eliminate certain causes of action they no longer plan to pursue. The proposed Second Amended Complaint adds several new causes of action and adds seven new named Defendants to the lawsuit. The new Defendants include six officers who arrived on scene after the shooting and assisted in the investigation at that time, and a seventh officer who announced over the dispatch radio that Mr. Chief had a long history with law enforcement and owned a rifle.

Plaintiffs argue that this comment triggered an Equal Protection violation because it led Defendants to discriminate against Mr. Chief based on his purported exercise of his fundamental right to lawfully possess a firearm. Plaintiffs argue that the officers overreacted to the situation they encountered that night at the Chief's residence because they were informed that Mr. Chief possessed a rifle, that lawful owners of firearms constitute a constitutionally protected class, and Defendants' collective actions establish unlawful and discriminatory profiling of protected class members. Defendants argue that no equal protection claim was pleaded, and move to strike Plaintiffs' Motion for Partial Summary Judgment on that claim.

## II. MOTION TO AMEND

The Federal Rules of Civil Procedure provide that after a responsive pleading has been filed "a party may amend its pleadings only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires."[3] The grant of leave

---

[3] Fed. R. Civ. P. 15(a)(2).

to amend is within the discretion of the trial court. Proper reasons to deny such a request include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment."[4]

The Tenth Circuit does not consider untimeliness, by itself, to justify denying a motion to amend, but looks at the length of the delay and focuses primarily on the reasons for the delay.[5] The Tenth Circuit has held that the "most important[] factor in deciding a motion to amend the pleadings, is whether the amendment would prejudice the nonmoving party."[6] This Court noted in *Salt Lake Tribune Publishing Co., LLC v. MediaNews Group, Inc.,*[7] that "[t]he Tenth Circuit has upheld denials of motions to amend where discovery has closed, the parties were ready for trial or summary judgment, and the amendment would have required additional discovery and precluded the entry of judgment."[8]

The Court will deny Plaintiffs' Motion for Leave to Amend because it is untimely and prejudicial. The Motion is untimely because discovery is now closed, yet Plaintiffs seek to add seven additional officers to the lawsuit. Plaintiffs have long known of the officers' involvement in the incident and provide no justification for the failure to name them earlier. Indeed, six of the

---

[4]*Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006).

[5]*See, e.g., Evans v. Taylorsville City*, 2009 WL 1324055, at *8 (D. Utah May 11, 2009).

[6]*Minter*, 451 F.3d at 1207.

[7]2007 WL 2156612 (D. Utah July 26, 2007).

[8]*Id.* at *11.

officers are listed on the police report in this matter and three of those six officers are listed

independently as having possible discoverable information in Defendants' initial disclosures,

which were produced on October 3, 2011.[9]  Only one officer is missing from the police report,

which was produced to Plaintiffs on October 3, 2011.  But Plaintiffs knew of that officer's

involvement as well because his comments were recorded on a dispatch recording, which was

produced on October 3, 2011.[10]

This same reasoning applies to the claims Plaintiffs seek to add.  Plaintiffs now seek to

re-craft their deprivation of constitutional rights claim into an equal protection claim, and seek to

add a wrongful detention claim.  Plaintiffs go so far as to file affidavits/declarations dated July

15, 2013, that provide facts in support of these new claims.  However, Plaintiffs provide no

reason why these facts could not have been presented earlier.

Granting leave to amend would also be prejudicial.  Multiple motions for summary

judgment have been filed in this case and, if amendment is permitted, additional discovery will

be required.  If leave to amend were granted to add the seven additional defendants, there will

likely need to be at least nine additional depositions.  Further, expert reports would likely need to

be amended and those experts redeposed, causing great expense and prejudice to both the current

Defendants and the seven officers against whom Plaintiffs now seek to bring claims.  Additional

discovery would make it unlikely that parties would be ready to proceed to a jury trial in January

2014.  Not only would the seven officers currently uninvolved in this lawsuit face prejudice by

---

[9]Docket No. 191 Ex. 1–2.

[10]Docket No. 158 Ex. 1.

being added at this late date, but the current named defendants would face prejudice as well. The current defendants in this lawsuit have a substantial interest in having this case resolved at the earliest possible time. Permitting amendment would prejudice both the current named defendants and the seven individuals sought to be added. The Court will therefore deny Plaintiffs' Motion to Amend as untimely and prejudicial.

## III. MOTION TO STRIKE

Defendants filed a Motion to Strike Plaintiffs' Motion for Partial Summary Judgment on Equal Protection under the Second, Fourth, and Fourteenth Amendment (the "Equal Protection claim"). Plaintiffs contend that Defendants' Motion to Strike must be considered in light of Plaintiffs' Motion to Amend, but having now denied the Motion to Amend, the Court takes up Defendants' Motion to Strike.

Plaintiffs argue that by pleading a broad, general cause of action for deprivation of constitutional rights, they have stated a proper Equal Protection claim for discrimination against Mr. Chief as a lawful gun owner. Plaintiffs further argue that they filed a Notice of Claim that included an Equal Protection claim that was fully incorporated into the Complaint. Defendants argue that the deprivation of constitutional rights cause of action is too vague to state an Equal Protection claim for discrimination against a lawful gun owner.

In order to state a claim for relief, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."[11] Rule 8 of the Federal Rules of Civil Procedure "serves the vital purpose of enabling the court and defendants to know what claims are

---

[11]Fed. R. Civ. P. 8(a)(2).

being asserted and to be able to respond to those claims."[12] "Rule 8 does not empower

respondent to plead the bare elements of his cause of action, affix the label 'general allegation,'

and expect his complaint to survive . . . ."[13] "In a § 1983 action it is particularly important that

the complaint make clear exactly who is alleged to have done what to whom, to provide each

individual with fair notice as to the basis of the claims against him or her, as distinguished from

collective allegations against the state."[14]

The Amended Complaint has not served the vital purpose of enabling Defendants to

know what claims are being asserted in order to respond to those claims. Plaintiffs' Amended

Complaint does not contain the requisite factual allegations to state a plausible claim for relief

under a Second Amendment/Fourteenth Amendment equal protection theory. The words "equal

protection" and the "Second Amendment" are not mentioned anywhere in the Amended

Complaint. Even if filing a Notice of Claim were sufficient under Rule 8, a general allegation of

an equal protection violation would not put Defendants on notice that the alleged violation

resulted from Mr. Chief fundamental right to possess a firearm. The Court finds that no such

cause of action was pleaded.

---

[12]*Washington v. Colo. State Univ.*, 405 F. App'x 288, 289–90 (10th Cir. 2010)
(unpublished) (internal quotation marks and citation omitted).

[13]*Ashcroft v. Iqbal*, 556 U.S. 662, 687 (2009).

[14]*Brown v. Montoya*, 662 F.3d 1152, 1163 (10th Cir. 2011) (citing *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1215 (10th Cir. 2011)).

Federal Rule of Civil Procedure 12(f) provides that a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."[15] Motions to strike are not favored. They "should be granted sparingly" and only if clearly warranted, and "doubt [should be] resolved in favor of the pleading."[16]

Defendants here, however, have not moved to strike a pleading, but have moved to strike a motion. Rule 12(f) does not give authority to strike a motion. However, the Court finds that no Equal Protection claim was pleaded. Therefore the Court construes Defendants Motion to Strike as a Motion to Dismiss for failure to state a claim for relief. The Court will grant the Motion to Dismiss for failure to state an Equal Protection claim.

## IV. CONCLUSION

It is therefore

ORDERED that Plaintiffs' Motion for Leave to Amend Complaint (Docket No. 147) is DENIED. It is further

ORDERED that Defendants' Motion to Strike (Docket No. 150) is GRANTED. It is further

ORDERED that Plaintiffs' Motion for Partial Summary Judgement Re: Equal Protection Under 14th, Second, & Fourth Amendments (Docket No. 140) is DENIED as Moot.

---

[15] Fed. R. Civ. P. 12(f).

[16] 35A C.J.S. Fed. Civ. P. § 495.

DATED September 20, 2013.

BY THE COURT:

_____

TED STEWART
United States District Judge